IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| COLLEEN GORDON<br>　　　　Plaintiff,<br><br>　　v.<br><br>EVAN TUNIS, BROKER<br>and<br>E & M GLOBAL INSURANCE<br>ETS INSURANCE SOLUTIONS, INC.<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No.: 1:20-cv-2300<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES Plaintiff Colleen Gordon ("Plaintiff"), by and through his attorneys, the Clark Law Group, PLLC, for her complaint against Defendants, Evan Tunis ("Tunis"), E & M Global Insurance ("E&M"), ETS Insurance Company ("ETS") and Evan Tunis ("Tunis") (collectively "Defendants"), states as follows:

## NATURE OF ACTION

1. This is an action for breach of insurance contract between Ms. Gordon and Defendants for misrepresentation in the sale of insurance; as well as for violating the duty of good faith and fair dealing in insurance contract.

## PARTIES

2. The Plaintiff, Colleen Gordon ("Gordon"), has at all times material hereto been a citizen of the State of Indiana, residing in Johnson County.

3. On information and belief, E & M Global Insurance ("E&M") is a for-profit Florida corporation, doing business in Delray Beach, Florida licensed to sell insurance in the State of Indiana.

4. On information and belief, ETS Insurance Company ("ETS") is a for-profit Florida corporation, doing business in Delray Beach, Florida licensed to sell insurance in the State of Indiana.

5. On information and belief Evan Tunis ("Tunis") is the owner of E&M and ETS and, at all times material hereto, is an insurance broker licensed to sell insurance in the State of Indiana.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and because the action is between citizens of different states.

7. This Court has personal jurisdiction over Defendant because Defendant regularly does business in the district and Defendant has substantial, continuous, and systematic contacts within this district.

8. Venue is proper pursuant to 28 U.S.C. §1391 because some or all of the transactions giving rise to this lawsuit took place in the Southern District of Indiana.

## STATEMENT OF FACTS

9. All prior paragraphs are incorporated by reference, as if fully set forth herein.

10. Gordon sought to purchase a major medical insurance policy, which included prescription drug coverage.

11. Tunis represented to Gordon that he had an insurance policy he could offer to her from United Healthcare that would provide major medical coverage and prescription drug coverage.

12. As part of his sales pitch to Plaintiff, Tunis informed Gordon that she would be purchasing a major medical policy that could help protect her financially from large medical bills and assured her that as her broker he would help review her options.

13. On October 17, 2018, Tunis sent Gordon a quote for insurance she believed would provide major medical coverage, including prescription drug coverage, as well as a hospital and physician network.

14. After reviewing the quote, she asked Tunis if the insurance coverage was intended to comply with the Affordable Care Act ("ACA") and provide the essential benefits under the ACA.

15. Tunis advised that the policy will allow her to "avoid the ACA penalty".

16. Gordon addressed certain policy language with Tunis assured Gordon that policy language she questioned did not defeat her effort to secure health insurance for herself.

17. For example, after Plaintiff informed Tunis that she did not understand the use of the term "supplemental insurance" and questioned why the quote stated that the insurance was not meant to replace the minimum health insurance required to avoid being charged on your taxes. Plaintiff specifically asked "[i]s this regular health insurance coverage?"

18. In response, Tunis advised that the insurance was health insurance from United Healthcare.

19. At no point in time did Tunis inform Plaintiff that the insurance was a fixed indemnity plan, or even explain what that meant in light of Plaintiff's specific needs.

20. Plaintiff signed the paperwork necessary to bind the policy on October 27, 2018.

21. On October 12, 2019, Plaintiff fell from a ladder and suffered injuries that necessitated surgery.

22. Following her hospital admission, Plaintiff underwent several surgeries and hospital stays, submitting all claims to the insurance she secured from Defendant.

23. After receiving service, Plaintiff began to receive correspondence from her physicians and the hospitals where she had been admitted seeking payments not covered by the policy Tunis sold to her.

24. Plaintiff called her insurance company to learn for the first time that her policy did not provide ACA-compliant medical insurance or any of the medical coverage Tunis represented would be provided.

25. Instead, Tunis sold Plaintiff a supplemental fixed indemnity policy instead of an ACA-compliant major medical policy.

## CLAIMS FOR RELIEF

### COUNT ONE –NEGLIGENT MISREPRESENTATION

26. Paragraphs 1-25 are hereby realleged and incorporated herein by reference.

27. Tunis had a fiduciary obligation to provide complete information about the insurance policy he secured for Gordon, included whether the in.

28. Gordon communicated to Tunis that she needed major medical insurance to replace her current coverage.

29. Tunis represented to Gordon that he understood the type of insurance Gordon was seeking and represented that he had the ability to secure it.

30. Tunis represented to Gordon that he had secured medical insurance through United Healthcare, and never informed Gordon that it was not major medical insurance.

31. Gordon relied upon Tunis to provide complete and accurate information regarding the policy he secured on her behalf.

32. By failing to be truthful to Gordon during the time he was securing insurance for Gordon and advising her that he did not secure the insurance she was seeking before, during or after she

signed the documents binding the insurance, Tunis intentionally omitted information that would have resulted in Gordon not terminating her existing insurance and binding the policy Tunis brokered.

33. As a result of Tunis' breach, Gordon has incurred substantial unpaid medical bills and interest, among other damages.

## COUNT TWO - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

34. Paragraphs 1-31 are hereby realleged and incorporated herein by reference.

35. Under Indiana law, EST owes its insured, Ms. Gordon, a duty of good faith and fair dealing.

36. EST's actions through its broker Tunis, have violated Indiana's covenant of good faith and fair dealing in several ways, including but not limited to:

   a. Intentionally failing to inform Gordon about the limitations of the coverage through the United Healthcare insurance;

   b. Failing to act in good faith to deliver to Gordon the major medical insurance she specifically sought the assistance from EST and instead delivering a fix indemnity policy that she did not seek and letting her bind the policy knowing that it was not comparable to the major medical insurance she cancelled after asking if the two policies were a similar type; and,

   c. Compelling Gordon to initiate this litigation to recover damages associated with the Defendants' breach of covenant of good faith and fair dealing.

37. As a direct and proximate result of Defendant's violation of the covenant of good faith and fair dealing, Gordon has suffered emotional and financial damages.

WHEREFORE, Plaintiff, Colleen Gordon, requests that this Honorable Court enter Judgment:

A. Finding that Gordon is entitled to damages in an amount exceeding $100,000.00 representing unpaid medical bills incurred by Gordon;

C. Awarding Gordon damages for the emotional and financial distress she has suffered as a result of Defendant's violation of Indiana's covenant of good faith and fair dealing

D. Awarding the Plaintiff reasonable reimbursement for attorney's fees and costs incurred as a result of the Defendants' breach of the covenant of good faith and fair dealing; and

E. Awarding all other relief as may be just and appropriate.

Date:  August 5, 2020

Respectfully submitted,

/s/ Denise M. Clark
Denise M. Clark (#11545-49)
Clark Law Group, PLLC
1100 Connecticut Ave., NW, Ste. 920
Washington, DC 20036
Phone:(202) 293-0015
Fax: (202) 293-0115
dmclark@benefitcounsel.com

*Attorneys for the Plaintiff*